**HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C.**
Sepehr Daghighian (SBN 239349)
Kevin Yaghoubzadeh (SBN 320532)
10250 Constellation Blvd., Suite 2500
Los Angeles, CA 90067
Telephone:   (310) 887-1333
Facsimile:    (310) 887-1334

Attorneys for Plaintiff,
**SAM ZABLOCKI**

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SAM ZABLOCKI,** | Case No.: |
| Plaintiff, | |
| vs. | **COMPLAINT** |
| **ERWIN HYMER GROUP NORTH AMERICA, INC., a Canadian Corporation, and DOES 1 through 10, inclusive**, | 1. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF EXPRESS WARRANTY** |
| Defendants. | 2. **VIOLATION OF SONG-BEVERLY ACT - BREACH OF IMPLIED WARRANTY** |
| | 3. **VIOLATION OF THE SONG-BEVERLY ACT SECTION 1793.2** |
| | 4. **VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT** |

-1-
COMPLAINT

Plaintiff, SAM ZABLOCKI, alleges as follows against Defendants, ERWIN HYMER GROUP NORTH AMERICA, INC., ("ERWIN HYMER") and DOES 1 through 10 inclusive, on information and belief, formed after an inquiry reasonable under the circumstances:

## DEMAND FOR JURY TRIAL

1. Plaintiff, SAM ZABLOCKI, hereby demand trial by jury in this action.

## JURISDICTION AND VENUE

2. The Court has federal question jurisdiction under Title 15 U.S.C. §2310(d), and Title 28 U.S.C. §1331 as well as supplemental jurisdiction over Plaintiff's state law claims under Title 28 U.S.C. 1367. The Amount in controversy exceeds $75,000.00, exclusive of costs and interest. This Court has jurisdiction over Defendant because Defendant does sufficient business in or has sufficient minimum contacts with California, or otherwise intentionally avails itself of the California markets through the promotion, marketing, advertising and/or sales of their products and services in California to render the exercise of jurisdiction by California courts permissible under traditional notions of fair play and substantial justice.

## GENERAL ALLEGATIONS

3. Plaintiff, SAM ZABLOCKI, is an individual residing in the City of Santa Cruz, County of Santa Cruz, and State of California.

4. Defendant ERWIN HYMER and was a Canadian Corporation organized and existing under the laws of Ontario, Canada, with its principle place of business in Ontario. ERWIN HYMER sells motorhomes through a network of independent dealers located throughout the United States, including Northern California.

5. These causes of action arise out of the warranty obligations of ERWIN HYMER in connection with a vehicle purchased by Plaintiff and for which ERWIN HYMER issued a written warranty.

6. Plaintiff does not know the true names and capacities, whether corporate, partnership, associate, individual or otherwise of Defendant issued herein as Does 1

through 10, inclusive.  Defendant Does 1 through 10, inclusive, are in some manner responsible for the acts, occurrences and transactions set forth herein, and are legally liable to Plaintiff.  Plaintiff will seek leave to amend this Complaint to set forth the true names and capacities of the fictitiously named Defendant, together with appropriate charging allegations, when ascertained.

7.   All acts of corporate employees as alleged were authorized or ratified by an officer, director, or managing agent of the corporate employer.

8.   Each Defendant, whether actually or fictitiously named herein, was the principal, agent (actual or ostensible), or employee of each other Defendant, and in acting as such principal or within the course and scope of such employment or agency, took some part in the acts and omissions hereinafter set forth by reason of which each Defendant is liable to Plaintiff for the relief prayed for herein. The sales contract is attached and incorporated by its reference as Exhibit 1.

9.   On March 20, 2018, Plaintiff purchased a new 2018 Carado Banff Recreational Vehicle, VIN: 3C6TRVDG4HE530490, ("the vehicle"). Express warranties accompanied the sale of the vehicle to Plaintiff by which ERWIN HYMER undertook to preserve or maintain the utility or performance of Plaintiff's vehicle or to provide compensation if there was a failure in such utility or performance.

10.  The vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective toilet system, defective cabinets, loose faucet in the kitchen, defective water gauge, and defective interior design.

11.  Plaintiff hereby revokes acceptance of the sales contract.

12.  Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 *et seq.* the subject vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiffs have used the vehicle primarily for those purposes.

13.       Plaintiff is a "buyer" of consumer goods under the Act.

14.     Defendant ERWIN HYMER is a "manufacturer" and/or "distributor" under the Act.

15.     Plaintiff hereby demands trial by jury in this action.

## **FIRST CAUSE OF ACTION**

### **Violation of the Song-Beverly Act – Breach of Express Warranty**

16. Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

17. Express warranties accompanied the sale of the vehicle to Plaintiff by which ERWIN HYMER undertook to preserve or maintain the utility or performance of Plaintiff's vehicle or to provide compensation if there was a failure in such utility or performance.

18. The vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty including, but not limited to, a defective toilet system, defective cabinets, loose faucet in the kitchen, defective water gauge, and defective interior design.

19. Pursuant to the Song-Beverly Consumer Warranty Act (herein after the "Act") Civil Code sections 1790 *et seq.* the vehicle constitutes "consumer goods" used primarily for family or household purposes, and Plaintiff has used the vehicle primarily for those purposes.

20. Plaintiff is the "buyer" of consumer goods under the Act.

21. Defendant ERWIN HYMER is a "manufacturer" and/or "distributor" under the Act.

22. The foregoing defects and nonconformities to warranty manifested themselves within the applicable express warranty period. The nonconformities substantially impair the use, value and/or safety of the vehicle.

23. Plaintiff delivered the vehicle to an authorized ERWIN HYMER repair facility for repair of the nonconformities.

COMPLAINT

24. Defendant was unable to conform Plaintiff's vehicle to the applicable express after a reasonable number of repair attempts.

25. Notwithstanding Plaintiff's entitlement, Defendant ERWIN HYMER has failed to either promptly replace the new motor vehicle or to promptly make restitution in accordance with the Song-Beverly Act.

26. By failure of Defendant to remedy the defects as alleged above, or to issue a refund or replacement vehicle, Defendant is in breach of its obligations under the Song-Beverly Act.

27. Under the Act, Plaintiff is entitled to reimbursement of the price paid for the vehicle less that amount directly attributable to use by the Plaintiff prior to discovery of the nonconformities.

28. Plaintiff is entitled to all incidental, consequential, and general damages resulting from Defendant's failure to comply with its obligations under the Song-Beverly Act.

29. Plaintiff is entitled under the Song-Beverly Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this action.

30. Plaintiff is entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages for ERWIN HYMER's willful failure to comply with its responsibilities under the Act.

## SECOND CAUSE OF ACTION

### Violation of the Song-Beverly Act – Breach of Implied Warranty

31. Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

32. ERWIN HYMER and its authorized dealership at which Plaintiff purchased the subject vehicle had reason to know the purpose of the subject vehicle at the time of

sale of the subject vehicle.  The sale of the subject vehicle was accompanied by an implied warranty of fitness.

33. The sale of the subject vehicle was accompanied by an implied warranty that the subject vehicle was merchantable pursuant to Civil Code section 1792.

34. The subject vehicle was not fit for the ordinary purpose for which such goods are used because it was equipped with a defective toilet system, defective cabinets, loose faucet in the kitchen, defective water gauge, and defective interior design.

35. The subject vehicle did not measure up to the promises or facts stated on the container or label because it was equipped with defective a defective toilet system, defective cabinets, loose faucet in the kitchen, defective water gauge, and defective interior design.

36. The subject vehicle was not of the same quality as those generally acceptable in the trade because it was equipped with a defective toilet system, defective cabinets, loose faucet in the kitchen, defective water gauge, and defective interior design.

37. Plaintiff is entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq*;

38. Plaintiff hereby revokes acceptance of the subject vehicle.

39. Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

40. Plaintiff is entitled to rescission of the contract pursuant to Civil Code, section 1794, *et seq.* and Commercial Code, section 2711.

41. Plaintiff is entitled to recover any "cover" damages under Commercial Code, sections 2711, 2712, and Civil Code, section 1794, *et seq.*

42. Plaintiff is entitled to recover all incidental and consequential damages pursuant to 1794 *et seq* and Commercial Code, sections 2711, 2712, and 2713 *et seq.*

## THIRD CAUSE OF ACTION

### Violation of the Song-Beverly Act Section 1793.2

43. Plaintiff incorporates herein by reference each and every allegation contained

in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

44. Pursuant to Civil Code, section 1793.2, subdivision (a) a manufacturer that sells consumer goods in California, for which it has made an express warranty, shall maintain service and repair facilities or designate and authorize independent service and repair facilities to carry out the terms of those warranties.

45. Pursuant to Civil Code, section 1793.2, subdivision (b), when service and repair of goods is necessary because they do not conform with the applicable express warranties, service and repair shall be commenced within a reasonable time by the manufacturer or its representative.

46. Civil Code, section 1793.2, subdivision (b) further states that goods shall be serviced or repaired so as to conform to the applicable warranties within 30 days.

47. The sale of the subject vehicle was accompanied by express warranties, including a warranty guaranteeing that the subject vehicle was safe to drive and not equipped a defective toilet system, defective cabinets, loose faucet in the kitchen, defective water gauge, and defective interior design.

48. Plaintiff delivered the subject vehicle to an ERWIN HYMER authorized repair facility on multiple occasions. The subject vehicle was delivered for repairs of a defective toilet system, defective cabinets, loose faucet in the kitchen, defective water gauge, and defective interior design, which amount to a nonconformity to the express warranties that accompanied the sale of the subject vehicle.

49. Since delivery of the subject vehicle to ERWIN HYMER's authorized repair facility, over thirty days have past and ERWIN HYMER has failed to tender the subject vehicle back to Plaintiff in conformance with its warranties.

50. In the first 18 months/18,000 miles Plaintiff has owned the vehicle ERWIN HYMER has been given at and 30 days to fix the a defective toilet system, defective cabinets, loose faucet in the kitchen, defective water gauge, and the defective interior design. There is no doubt ERWIN HYMER is fully aware of these problems. Clearly,

these problems substantially impair the use, value, and safety of this vehicle. Every repair attempt at ERWIN HYMER is written notice to ERWIN HYMER of the problems and the need for repair. Therefore, under Civil Code section § 1793.22 (b)(1), (b)(2), and/or (b)(3) Plaintiff hereby asserts the presumption that ERWIN HYMER has been given a reasonable number of repair attempts and/or days to conform this vehicle to the warranty.

51.    Plaintiff is entitled to justifiably revoke acceptance of the subject vehicle under Civil Code, section 1794, *et seq*;

52.    Plaintiff hereby revokes acceptance of the subject vehicle.

53.    Plaintiff is entitled to replacement or reimbursement pursuant to Civil Code, section 1794, *et seq.*

54.    Plaintiff is entitled to rescission of the contract pursuant to Civil Code section 1794, *et seq.* and Commercial Code, section 2711.

55.    Plaintiff is entitled to recover any "cover" damages under Commercial Code sections 2711, 2712, and Civil Code, section 1794, *et seq.*

56.    Plaintiff is entitled to recover all incidental and consequential damages pursuant to 1794 *et seq* and Commercial Code sections, 2711, 2712, and 2713 *et seq.*

57.Plaintiffs are entitled in addition to the amounts recovered, a civil penalty of up to two times the amount of actual damages in that ERWIN HYMER has willfully failed to comply with its responsibilities under the Act.

## **FOURTH CAUSE OF ACTION**

### **Violation of the Federal Magnuson-Moss Warranty Act**

58.Plaintiff incorporates herein by reference each and every allegation contained in the preceding and succeeding paragraphs as though herein fully restated and re-alleged.

59.Plaintiff is a "consumer" as defined in the Magnuson-Moss Warranty Act (referred to as "Mag-Moss"), 15 U.S.C. § 2301(3).

60.Defendant, ERWIN HYMER is a "supplier" and "warrantor" as defined in the

Mag-Moss Act, 15 U.S.C. § 2301(4), 15 U.S.C. § 2301(5).

61. The vehicle is a "consumer product" as defined in the Mag-Moss Act, 15 U.S.C. § 2301(1).

62. In addition to the express warranty, in connection with the sale of the vehicle to Plaintiff, an implied warranty of merchantability was created under California law. The vehicle's implied warranties were not disclaimed using a Buyer's Guide displayed on the vehicle; thus any purported disclaimers were ineffective pursuant to 15 U.S.C. § 2308(c).

63. Defendant violated the Mag-Moss Act when it breached the express warranty and implied warranties by failing to repair the defects and nonconformities, or to replace the vehicle.

64. Plaintiff performed all terms, conditions, covenants, promises and obligations required to be performed on Plaintiff's part under the terms of the purchase agreement, and express warranty and implied warranty except for those terms and conditions, covenants, promises and obligations or payments for which performance and/or compliance has been excused by the acts and/or conduct of the Defendant and/or by operation of law.

65. As a direct and proximate result of the acts and omissions of the Defendant, Plaintiff has been damaged in the form of general, special and actual damages in an amount within the jurisdiction of this Court, according to proof at trial.

66. Under the Act, Plaintiff is entitled to rescission of the contract, reimbursement of the amount paid under the purchase agreement.

67. Plaintiff is entitled to all incidental, consequential and general damages resulting from Defendant's failure to comply with their obligations under the Mag-Moss Act.

68. Plaintiff is entitled under the Mag-Moss Act to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees, reasonably incurred in connection with the commencement and prosecution of this

action pursuant to 15 U.S.C. § 2310(d)(2).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, as follows:

1.  For general, special and actual damages according to proof at trial;

2.  For rescission of the purchase contract and restitution of all monies expended;

3.  For diminution in value;

4.  For incidental and consequential damages according to proof at trial;

5.  For civil penalty in the amount of two times Plaintiffs' actual damages;

6.  For prejudgment interest at the legal rate;

7.  For reasonable attorney's fees and costs of suit; and

8.  For such other and further relief as the Court deems just and proper under the circumstances.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of all issues raised by this Complaint which are triable by jury.

Dated:   January 22, 2019

**HACKLER DAGHIGHIAN MARTINO & NOVAK, P.C.**

/s/Sepehr Daghighian
SEPEHR DAGHIGHIAN, ESQ.
Attorneys for Plaintiff,
**SAM ZABLOCKI**

-10-
COMPLAINT

**EXHIBIT "1"**

# SEE GRINS

**7900 Arroyo Circle**
**Gilroy, CA 95020**
**Phone (408) 683-4652**

# PURCHASE ORDER

03/20/18       Date: _____

Purchaser _____ SAM ZABLOCKI _____

Co-Purchaser _____

Address _____ 5031 THURBER LN _____

City ____ SANTA CRUZ ____ State _____ CA Zip _____ 9506

Home Phone (___)_____ 831-476-9511 _____ Work Phone (___)_____

Salesperson _____ JACK WERTZ _____ 16826

---

**Purchase order for the unit described below:**

☐ Motorhome    ☐ Trailer    ☐ Fifth Wheel
☐ Horse Trailer  ☐ _2018 CARADO BANFF_

Coach Year MB   Chassis Year   Make    Model
Type            Color      ☐ Gas    ☐ Diesel
                5347
STOCK# _____
VIN _____ 3C6TRVDG4HE530499 _____

**Description of first Trade-in:**

☐ Motorhome    ☐ Trailer    ☐ Fifth Wheel
☐ Car  ☐ Truck ☐ Van Conversion ☐ _____

Vehicle Year   Chassis Year   Make    Model
Type           Color      ☐ Gas    ☐ Diesel

STOCK# _____
VIN _____

**Description of second Trade-in:**

☐ Motorhome    ☐ Trailer    ☐ Fifth Wheel
☐ Car  ☐ Truck ☐ Van Conversion ☐ _____

Vehicle Year   Chassis Year   Make    Model
Type           Color      ☐ Gas    ☐ Diesel

STOCK# _____
VIN _____

No additional equipment to be added other than that
stated on Due Bill attached to this Order.

_Sam Zablocki_

| | | |
|---|---|---|
| **CASH SALE PRICE** | | 74815.86 |
| Cash Price Accessories | | 850.00 |
| License Fee | 778.00 | |
| Smog Fee | N/A | |
| Sales Tax @ _____ % | 6438.39 | |
| TIRE FEE | 8.75 | |
| Document Fee  CVR | N/A | 109.00 |
| Other | . | |
| **TOTAL** | | 83000.00 |
| Trade-in Allowance | | N/A |
| *CUSTOMER IS RESPONSIBLE FOR ANY AMOUNT OF PAYOFF ON THE TRADE-INS OVER | $ | N/A |
| X_____ | | |
| Net Trade-in Allowance | | N/A |
| Amount Paid Today | | 5000.00 |
| Other Credit Received | | |
| Type _____ | | |
| **TOTAL DOWN PAYMENT** | | 5000.00 |
| **TOTAL UNPAID CASH BALANCE** | | 78000.00 |
| **CASHIER'S CHECK DUE UPON DELIVERY** | | |

---

**THERE IS NO COOLING-OFF PERIOD UNLESS YOU OBTAIN A CONTRACT CANCELLATION OPTION**
California law does not provide for a cooling-off or other cancellation period for vehicle sales. Therefore, you cannot later cancel this contract simply because you change your mind, decide the vehicle costs too much, or wish you had acquired a different vehicle. After you sign below, you may only cancel this contract with the agreement of the seller or for legal cause, such as fraud. However, California law does require a seller to offer a 2-day contract cancellation option on used vehicles with a purchase price of less than $40,000, subject to certain statutory conditions. This contract cancellation option requirement **does not apply to the sale of a recreational vehicle, a motorcycle; or an off-highway motor vehicle subject to identification under California law.** See the vehicle contract cancellation option agreement for details.

X _Sam Zablocki_                                      X _____
  Purchaser                                               Purchaser

Purchaser agrees that this Order includes all of the items and conditions on both the face and reverse side hereof, that this Order cancels and supercedes any prior agreement and as of the date hereof comprises the complete and exclusive statement of the terms of the agreement relating to the subject matters covered hereby and that THIS ORDER SHALL NOT BECOME BINDING UNTIL ACCEPTED BY DEALER OF HIS AUTHORIZED MANAGER. purchaser, by his/her execution of this Order, acknowledges that he/she has read its terms and conditions and has received a true copy of this Order.

Purchaser _Sam Zablocki_ Date ____ 03/20/18 ____

Purchaser _____ Date ____ 03/20/18 ____ Accepted by X_____ Mngr. Date 3/20/18

# VEHICLE/VESSEL TRANSFER AND REASSIGNMENT FORM

## INSTRUCTIONS ON REVERSE SIDE — ALL SIGNATURES MUST BE IN INK — PHOTOCOPIES NOT ACCEPTED

*This form is not the ownership certificate. It must accompany the titling document or Application for Duplicate Title. For Car Buyer's Bill of Rights, visit www.dmv.ca.gov.*

ACQUISITION NUMBER *(DISMANTLER ONLY)*

### SECTION 1 — VEHICLE/VESSEL DESCRIPTION

| IDENTIFICATION NUMBER | YEAR MODEL | MAKE | LICENSE PLATE/CF NO. | MOTORCYCLE ENGINE NUMBER |
|---|---|---|---|---|
| 3C6TRVDG4HE530490 | 2018 BANFF | CARADO | | |

### SECTION 2 — BILL OF SALE

I/We ____SEE GRINS RV_____ sell, transfer, and deliver the above vehicle/vessel

PRINT SELLER'S NAME(S)

to ___SAM ZABLOCKI_____ on __03 20 2018__ for the amount of $ **75665.86**

PRINT BUYER'S NAME(S)    MO  DAY  YEAR    (SELLING PRICE)

If this was a gift, indicate relationship: _____ *(e.g., parents, spouse, friend, etc.)* $ _____
(GIFT VALUE)

### SECTION 3 — ODOMETER DISCLOSURE STATEMENT *(Void if Mileage is Altered or Erased)*

*Federal and State Law requires that you state the mileage upon transfer of ownership. Failure to complete or providing a false statement may result in fines and/or imprisonment.*

The odometer now reads [ ][ ][ ],[ 2 ][ 3 ][ 7 ]/10 ths **(no tenths)** miles, and to the best of my knowledge reflects the **ACTUAL** mileage *unless one of the following statements is checked.*

#### WARNING—ODOMETER DISCREPANCY

☐ Odometer reading is **NOT** the actual mileage        ☐ Mileage **EXCEEDS** the odometer mechanical limits

Explain odometer discrepancy: _____

### SECTION 4 — BUYER AND SELLER *(MUST hand print his or her name, date and sign this section.)*

#### BUYER'S SECTION

*I acknowledge the odometer reading and the facts of the transfer. I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| PRINT BUYER'S NAME | SIGNATURE | DATE | DL/ID OR DEALER/DISM # |
|---|---|---|---|
| | X *Sam zablocki* | 03/20/18 | E0750759 |
| PRINT BUYER'S NAME | SIGNATURE X | 03/20/18 | DL/ID OR DEALER/DISM # |
| PRINT BUYER'S NAME | SIGNATURE X | DATE | DL/ID OR DEALER/DISM # |

BUYER'S MAILING ADDRESS  5031 THURBER LN    CITY SANTA CRUZ, CA 95065  STATE  ZIP CODE  DAYTIME TELEPHONE NO. 831-476-9511

#### SELLER'S SECTION

*I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

| PRINT SELLER'S NAME | SIGNATURE | DATE | DL/ID OR DEALER/DISM # |
|---|---|---|---|
| SEE GRINS RV | X | 03/20/18 | 40947 |
| PRINT SELLER'S NAME | SIGNATURE X | DATE | DL/ID OR DEALER/DISM # |
| PRINT SELLER'S NAME | SIGNATURE X | DATE | DL/ID OR DEALER/DISM # |

SELLER'S MAILING ADDRESS  7900 ARROYO CIRCLE   CITY GILROY CA US 95020   STATE   ZIP CODE   DAYTIME TELEPHONE NO. 408-683-4652

### SECTION 5 — POWER OF ATTORNEY

I/We ___SAM ZABLOCKI_____ appoint ___SEE GRINS RV_____

PRINT NAME(S)    PRINT NAME(S)

as my attorney in fact, to complete all necessary documents, as needed, to transfer ownership as required by law.

SIGNATURE REQUIRED BY PERSON APPOINTING POWER OF ATTORNEY
X *Sam Zablocki*                                           DATE 03/20/18

SIGNATURE REQUIRED BY PERSON APPOINTING POWER OF ATTORNEY
X                                                          DATE 03/20/18

**LAW** FORM NO. CA-VTR00 (REV. 10/2011)
The Reynolds and Reynolds Company   TO ORDER: www.reysource.com; 1-800-344-0996; fax 1-800-531-9055

THE PRINTER MAKES NO WARRANTY, EXPRESS OR IMPLIED, AS TO CONTENT OR FITNESS FOR PURPOSE OF THIS FORM. CONSULT YOUR OWN LEGAL COUNSEL.